**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>vs.<br><br>TYRONE DAVIS,<br><br>        Defendant. | Case No. 2:12-cr-00289-JCM-PAL<br><br>**REPORT OF FINDINGS AND RECOMMENDATION**<br><br>(Mtn to Dismiss - Dkt. #42) |

This matter is before the court on Defendant Tyrone Davis' Motion to Dismiss Count Three of the Indictment (Dkt. #42) filed on July 25, 2013.  The court has considered the Motion to Dismiss and the government's Opposition (Dkt. #44), filed August 7, 2013.  This matter was referred the undersigned for findings and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4.

**BACKGROUND**

A federal grand jury returned an Indictment (Dkt. #1) on August 7, 2012, charging Davis with one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2); possession of cocaine with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(D); and use or possession of a firearm in relation to a drug trafficking offense, in violation of 18 U.S.C. §§ 922(g)(1) and 924(c).  Davis made an initial appearance and was arraigned on the Indictment on August 17, 2012.  *See* Minutes of Proceedings (Dkt. #11).  He was detained pending trial.  *See* Order of Detention (Dkt. #13).  Trial in this matter is currently set for September 9, 2013.  *See* Order to Continue (Dkt. #38).

/ / /

/ / /

/ / /

**DISCUSSION**

I.  **The Parties' Positions.**

Davis seeks to dismiss count three of the Indictment, which charges him with use or possession of a firearm in relation to a drug trafficking offense in violation of 18 U.S.C. §§ 922(g)(1) and 924(c) because the facts and evidence do not establish the elements of that charge. Davis argues he did not use a firearm in relation to a drug trafficking offense because when police found the firearm in his apartment, it was not being: (a) used as a weapon, (b) traded for drugs, or (c) carried on Davis' person. Davis argues the alleged facts do not establish Davis was directly involved in any drug activity or that the weapon police found was being used in relation to any drug activity.

Additionally, Davis argues the government cannot show he actually or constructively possessed the firearm. He did not actually possess the firearm because Davis was arrested in the parking lot of his apartment, and he was not exercising physical control over the firearm at the time of his arrest. Davis asserts that his only link with the weapon is that he is the leaseholder of the apartment, and the "facts are silent" regarding whether other individuals resided in the apartment or were present at the time of the search. Moreover, the government cannot show a sufficient nexus between the firearm and the drugs/paraphernalia recovered from Davis' apartment. The firearm was found in a different room than the scales and the baggies, and it was not easily accessible or strategically placed in an area used as a focal point for a drug operation.

The government opposes the Motion on several grounds. First, the government observes that the Motion was not timely filed, as pretrial motions were due on February 25, 2012.[1] On the merits, the government contends that count three is properly charged. First, drug trafficking is defined as any felony punishable under the Controlled Substances Act ("CSA"), 21 U.S.C. § 801. Additionally, 18 U.S.C. § 924(c)(1)(A) prohibits a person, during and in relation to a crime of violence or drug trafficking, from using or carrying a firearm or possessing a firearm in furtherance of such a crime.

///

---

[1] Later in the Opposition, the government contends the pretrial motions were due January 2, 2013. It appears, however, the pretrial motion deadline was extended to May 6, 2013. *See* Order (Dkt. #30). In any event, the government is correct that the Motion to Dismiss was not timely filed.

Count two of the Indictment charges Davis with a felony punishable under the CSA, so 18 U.S.C. § 924 applies.

Relying on *United States v. Mosely,* the government argues that Davis possessed the firearm as a matter of law. 465 F.3d 412, 414 (9th Cir. 2006). In *Mosely,* the Ninth Circuit found the defendant possessed a firearm found in the defendant's residence even though it was discovered there while the defendant was in law enforcement custody. *Id.* Here, Davis constructively possessed the firearm where it was found under the pillow in his apartment, and he has admitted to being the only leaseholder and resident of that apartment. The government argues that the firearm was also used in furtherance of a drug trafficking offense because the firearm was found in Davis' residence where evidence of the drug crimes was found. Although not located in the same room as the drugs and drug paraphernalia, it was strategically located and easily accessible for protection.

## II. **Applicable Law & Analysis.**

### A. **Local Rule of Criminal Practice 12-1.**

LCR 12-1 provides that unless otherwise specified by the court, pretrial motions must be filed within thirty days from the time of arraignment. LCR 12-1(a)(1). The rule specifically enumerates the various types of motions to which the rule applies, and it includes defenses and objections to defects in the indictment, other than failure to show the court's jurisdiction. The court entered its standard Order Regarding Pretrial Procedure (Dkt. #9), setting forth the deadlines for filing pretrial motions. That deadline was extended several times, by stipulation of the parties, mostly recently until May 6, 2013. *See* Order (Dkt. #30). Davis' Motion is a challenge to the sufficiency of the government's allegations in the Indictment and was filed on July 25, 2013–more than two months after the pretrial motions deadline. Accordingly, it could be denied on this basis alone. However, the court will consider the merits of the Motion.

### B. **Motions to Dismiss–Federal Rule of Criminal Procedure 12(b).**

Pursuant to Federal Rule of Criminal Procedure 12(b), "Any defense, objection, or request which is capable of determination without the trial of the general issue may be raised before trial by motion." In deciding a motion to dismiss an indictment, "a court is limited to the face of the indictment and must accept the facts alleged in that indictment as true." *United States v. Ruiz-Castro*, 125 F. Supp.

2d 411, 413 (D. Haw. 2000) (citing *Winslow v. United States*, 216 F.2d 912, 913 (9th Cir. 1954), *cert. denied*, 349 U.S. 922 (1955)).  The indictment itself should be (1) read as a whole; (2) read to include facts which are necessarily implied; and (3) construed according to common sense.  *United States v. Blinder*, 10 F.3d 1468, 1471 (9th Cir. 1993) (citing *United States v. Buckley*, 689 F.2d 893, 899 (9th Cir. 1982), *cert. denied*, 460 U.S. 1086 (1983)).  The court's inquiry must end there.  Arguments directed at the merits of the claims must be left for trial.

An indictment is sufficient if: (1) it contains the elements of the offense charged and fairly informs the defendant of the charge against which he must defend; and (2) it enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense.  *United States v. Hill*, 279 F.3d 731, 741 (9th Cir. 2002) (citing *Hamling v. United States*, 418 U.S. 87 (1974)); *see also Russell v. United States*, 369 U.S. 749, 763-764 (1962); Fed. R. Crim. P. 7(c).  An indictment is generally sufficient if it sets forth the offense in the words of the statute itself as long as "those words of themselves fully, directly, and expressly, without any uncertainty or ambiguity, set forth all of the elements necessary to constitute the offenses intended to be punished."  *Hamling*, 418 U.S. at 117.

The Ninth Circuit has held that an indictment will survive a motion to dismiss where it contains the elements of the charged offense in sufficient detail to enable the defendant to prepare his defense; to ensure the defendant that he is being prosecuted according to facts presented to the grand jury; to enable him to plead double jeopardy; and to inform the court of the alleged facts so it can determine the sufficiency of the charge.  *See United States v. Rosi*, 27 F.3d 409, 414 (9th Cir. 1994) (quoting *United States v. Bernhardt*, 840 F.2d 1441, 1445 (9th Cir. 1988)); *see also United States v. Flanagan*, 126 F. Supp. 2d 1284, 1292-93 (C.D. Cal. 2000); *United States v. Ruiz-Castro*, 125 F. Supp. 2d 411, 413 (D. Haw. 2000); *United States v. Musacchio*, 968 F.2d 782, 787 (9th Cir. 1991).  In determining the sufficiency of an Indictment the court does not examine whether the government can prove its case.  *See United States v. Blinder*, 10 F.3d 1468, 1471 (9th Cir. 1993) (emphasis added) (quoting *United States v. Buckley*, 689 F.2d 893, 897 (9th Cir. 1982), *cert. denied*, 460 U.S. 1086 (1983)).

Here, the Indictment alleges the elements of the offense of use or possession of a firearm in relation to a drug trafficking offense in violation of 18 U.S.C. § 922(g)(1) and 924(c).  Specifically, it alleges that during and in relation to a drug trafficking crime, possession of cocaine with intent to

distribute, Davis possessed a firearm, a Browning Arms Company, Buck Mark, .22 caliber pistol, with serial number 655NM12014. Accepting the facts alleged in the Indictment as true, and applying well-established law interpreting Rule 12(b), the court finds the Indictment is sufficient. It complies with the requirements set forth by the Ninth Circuit in *United States v. Hill*, 279 F.3d 731, 741 (9th Cir. 2002), and *United States v. Rosi*, 27 F.3d 409, 414 (9th Cir. 1994), because it contains the elements of the charged offenses, enables Davis to prepare his defense or plead double jeopardy, and informs the court of the alleged facts so that it can determine the sufficiency of the charge. The Motion to Dismiss is based on factual arguments about what facts the government will or will not be able to prove at trial, and the reasonable inferences to be drawn from those facts. Those arguments are for the jury to consider at trial, and not for the court to consider in a motion to dismiss.

Accordingly,

**IT IS RECOMMENDED** that the Motion to Dismiss (Dkt. #42) be DENIED.

Dated this 20th day of August, 2013.

                                        PEGGY A. LEEN
                                        UNITED STATES MAGISTRATE JUDGE