UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                            Plaintiff,<br>v.<br>TYRONE DAVIS<br><br>                            Defendant. | Case No. 2:12-cr-00289-JCM-PAL<br><br>**ORDER**<br><br>(Ex Parte Mot for Review  - Dkt. #182) |

Before the court is the government's sealed Ex Parte Motion for Review of Information Regarding LVMPD Detectives by the United States (Dkt. #182).  The sealed ex parte motion provided information about two detectives who were anticipated might testify at the evidentiary hearing set for December 21, 2015, and trial in this case.

The United States received information regarding Detective Bruno and Detective Sazer from LVMPD and requested that the court review the information to determine that it is not exculpatory, in that it does not negate any element of the offense charged.  The court reviewed the materials in camera as requested.  At the hearing on December 21, 2015 the court informed counsel for the defense that the ex parte motion had been filed, and the general nature of the information, *i.e.*, that it was information from LVMPD personnel files.  The court directed counsel for the government to ensure that defense counsel was served with  notice of any subsequent request for in camera review as the manner in which this motion was filed did not notify opposing counsel that anything had been submitted to the court.

An essential element of the Constitutional right to a fair trial is fairness in the prosecution's obligation to turn over exculpatory evidence.  *Milke v. Ryan*, 711 F.3d 998, 102-03 (9th Cir. 2013) (citing *United States v. Bagley*, 473 U.S. 667, 674-75 (1985); *Giglio v. United States*, 405 U.S. 150, 153-55 (1972); *Brady v. Maryland*, 373 U.S. 83, 87 (1963)).  *Brady*

material is evidence favorable to an accused immaterial either to guilt or punishment. *Brady v. Maryland*, 373 U.S. 83, 87 (1963).  Favorable evidence is "evidence that would tend to call the government's case into doubt." *Milke*, at 1012.  It includes both exculpatory and impeachment material relevant to guilt or punishment. *Id.*  Impeachment evidence is especially likely to be material when it impugns the testimony of a witness critical to the prosecution's case. *United States v. Sedaghaty,* 728 F.3d 885, 902 (9th Cir. 2013) (quoting *Silva v. Brown*, 416 F.3d 980, 987 (9th Cir. 2005)).

Here, the government requested that the court review the information provided and determined that it was not exculpatory because it "does not negate an element of the offense charged."  This is an incomplete statement of the government's *Brady* obligations.  However, having reviewed the material in camera as requested, the court finds the information need not be produced to defense counsel.

**IT IS ORDERED** that the Government's Motion for an In Camera Review (Dkt. #182) is **GRANTED.**

DATED this 29th day of December, 2015.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE

2