UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 2:12-cr-00289-JCM-PAL |
| Plaintiff, | **REPORT OF FINDINGS AND RECOMMENDATION** |
| v. | |
| TYRONE DAVIS | (Mot. Suppress – Dkt. #208) |
| Defendant. | |

Before the court is Defendant Tyrone Davis' ("Davis") Motion to Suppress Statements Based on Inadequate *Miranda* Warnings (Dkt. #208) which was referred for a Report of Findings of Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB1-4. The court has considered the Motion (Dkt. #208), the government's Response (Dkt. #213), and Davis' Reply (Dkt. #214).

## BACKGROUND

Davis is charged in an Indictment (Dkt. #1) returned August 7, 2012, with possession of a firearm by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2); possession of cocaine with intent to distribute in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(D); and possession of a firearm in relation to a drug trafficking offense in violation of 18 U.S.C. §§ 922(g)(1) and 924(c).

Davis was arrested July 19, 2012, by Las Vegas Metropolitan Police Department ("LVMPD") robbery detectives for a robbery that occurred on June 27, 2012. Four women reported that Davis had approached them and engaged them in conversation. At some point, the women became uncomfortable and started to leave. The women reported that Davis approached one of the women from behind, grabbed her purse and fled. Detectives learned where Davis might be living and arrested him outside of his apartment complex at 6500 Vegas Drive in Las

1

Vegas, Nevada.  At the time of his arrest, LVMPD detectives obtained a telephonic search warrant to search his residence for evidence of the robbery.

While executing the first search warrant, the officers found: (1) a Browning .22 caliber automatic pistol; (2) a bulletproof vest; (3) thirteen rounds of .357 caliber ammunition; (4) forty-three rounds of .25 caliber ammunition; (5) thirty-three rounds of .22 caliber ammunition; (6) a pistol magazine; (7) five baggies of a white powdery substance which field tested positive for 9.6 grams of cocaine; (8) 7.9 grams of marijuana; and (9) digital scales and baggies.  A second state telephonic search warrant was applied for by another detective later that same evening to search a blue 1995 Oldsmobile located at the apartment complex.  The second search warrant requested and received judicial authorization to search for and seize a Browning .22 caliber handgun, any other firearms, firearm paraphernalia, magazines, ammunition, cleaning kits and holsters, narcotics and narcotics paraphernalia, and a bulletproof resistant vest.

This is not the first motion to suppress statements filed by Davis.  His first Motion to Suppress Statements (Dkt. #147) was filed July 23, 2015.  The court held an evidentiary hearing on December 21, 2015.  In his first motion to suppress statements, he argued statements made to LVMPD Detective Bruno on July 19, 2012, should be suppressed because he was subjected to custodial interrogation and had not been given *Miranda* warnings.  At the time he spoke with Detective Bruno, he was in custody on state charges arising out of allegations he robbed a former girlfriend.  The motion to suppress argued that Detective Bruno knew, or should have known, that his statements to Davis would prompt Davis to explain his involvement in the alleged incident.  As a result, Davis gave potentially incriminating statements that acknowledged possession of some illegal items found in his residence pursuant to a state search warrant.  Detective Bruno told Davis there was a good chance that his case would be federally prosecuted.  Davis argued that it was apparent that Detective Bruno told him that the case might be prosecuted federally in an attempt to keep the conversation going.  The motion to suppress argued that subtle pressure was exerted that undermined Davis' will to resist and compelled him to speak where he would not otherwise have done so freely.

/ / /

1    The first motion to suppress also sought to suppress an interrogation by LVMPD
2    Detective Ray Martinez and AFT Special Agent Mike LaRusso on July 20, 2012, at the Clark
3    County Detention Center.  He sought suppression arguing his statements were tainted by the July
4    19, 2012, un-*Mirandized* interrogation by Detective Bruno.  Davis also argued his pre-*Miranda*
5    statement was involuntary, and his post-*Miranda* statements were tainted by the earlier
6    involuntary statements.  Alternatively, he argued that even if his pre-*Miranda* statements on July
7    19, 2012, were voluntary, his July 20, 2012, statements were involuntary and should be
8    suppressed under the totality of the circumstances.  Specifically, he argued that the time lapse
9    between the two statements, his lack of contact with friends and family members, the degree of
10   police influence exerted over him, and the threat of federal prosecution played on his fear of
11   being tried in the federal system where it is common knowledge that the penalties are
12   significantly harsher.  Under all of these circumstances, he asserted his July 20, 2012, statements
13   were involuntary.

14   The court held an evidentiary hearing and heard testimony from Detective Bruno and
15   Detective Ray Martinez.  Davis did not call any witnesses.  The court canvassed Davis about his
16   knowledge and understanding of his right to testify or not.  Davis stated that after conferring with
17   counsel, it was his decision not to testify.  The court recommended that the motion to suppress be
18   denied.  *See* Report & Recommendations (Dkt. #187).  The district judge adopted the
19   recommendation and denied the motion.  *See* Order (Dkt. #210).

20   Counsel for Davis acknowledges that the motion is untimely.  However, the motion was
21   filed based on two recent district court decisions in this district which have held that the standard
22   LVMPD *Miranda* Rights card used in this case does not contain all of the required *Miranda*
23   warnings.  During his testimony, Detective Martinez testified that he advised Davis of his
24   *Miranda* rights using the standard LVMPD *Miranda* Rights card.  Two district court judges in
25   this district have now held that the standard LVMPD *Miranda* Rights card is inadequate because
26   it fails to include requisite components of a suspect's Fifth Amendment rights.  In the current
27   motion, Davis therefore challenges the adequacy of the rights that were provided to him.
28   Specifically, the motion argues that Davis was not advised that he had the right to consult with

1   counsel before questioning or that he had the right to cease questioning at any time until he

2   spoke with a lawyer.

3       The government opposes the motion arguing that *Miranda* requires law enforcement to

4   inform suspects that: (1) they have the right to remain silent; (2) their statements may be used

5   against them at trial; (3) if they cannot afford an attorney, one will be provided to them; and (4)

6   that they have the right to the presence of an attorney during questioning.

7       Citing *United States v. Lares-Valdez*, 939 F.2d 688, 689–90 (9th Cir. 1991), the

8   government argues that law enforcement is not required to provide any additional warnings such

9   as the right to stop questioning.  In this case, the *Miranda* warning provided by Detective

10  Martinez was recounted during his testimony at the evidentiary hearing.  Def.'s Mot. Ex. C

11  (Dkt. #208-3), Dec. 21, 2015 Evidentiary Hr'g Tr. at 29:24–31:13.  The United States argues that

12  LVMPD's standard *Miranda* advisement is sufficient and complies with the Supreme Court's

13  decision in *Miranda v. Arizona*.  The government maintains that the Supreme Court's decision in

14  *Miranda* concluded that a suspect is sufficiently advised of his rights to consult with a lawyer

15  and to have a lawyer present during questioning when a defendant is told that he "has the right to

16  the presence of an attorney" and that "if he cannot afford an attorney, one will be appointed for

17  him prior to any questioning if he so desires."

18      The government points out that there is a current split of authority on this question among

19  the district judges in this district.  Two district judges have held that LVMPD's standard

20  advisement of *Miranda* rights is inadequate.  *See* Case No. 2:15-cr-00035-RFB-CWH, Order

21  (Dkt. #55), 111 F. Supp. 3d 1131 (D. Nev. 2015) (Boulware, J.); *United States v. Loucious*, Case

22  No. 2:15-cr-00106-JAD-CWH, Feb. 19, 2016 Order (Dkt. #75) (Dorsey, J.).  However, in Case

23  No. 2:15-cr-00080-JCM-VCF, Order (Dkt. #46), 2016 WL 310738 (D. Nev. Jan. 26, 2016),

24  District Judge James C. Mahan denied a motion to suppress that challenged the *Miranda* warning

25  rejected by the judges in *Chavez* and *Loucious*.  In his decision, Judge Mahan reasoned that a

26  "Defendant would be able to grasp the substance of what he was told—that he had the right to

27  appointed counsel if he could not afford a lawyer and that the right exists both before and during

28  questioning." *Id*.

The government also relies on two unpublished decisions in which the Ninth Circuit has rejected challenges to *Miranda* warnings virtually identical to those given in *Chavez* and *Loucious*: *United States v. Ortega*, 510 F. App'x 541, 541–42 (9th Cir. 2013) and *United States v. Scaggs*, 377 F. App'x 653, 656 (9th Cir. 2010). Counsel for the government acknowledges that the *Ortega* and *Scaggs* decisions are unpublished, and therefore not entitled to precedential weight. However, they are persuasive authority that the right to consult with an attorney before questioning can be inferred from the advisement that a suspect has the right to have counsel appointed before questioning. Both cases are also persuasive authority that the *Miranda* warnings given to Davis in this case were sufficient.

Davis' reply reiterates arguments that the *Miranda* warnings given to him were deficient because they failed to warn him of the right to consult with an attorney before questioning, and the right to stop questioning at any time until he spoke with a lawyer. The government's opposition does not address arguments based on the Supreme Court's decision in *Duckworth v. Eagen*, 492 U.S. 195, 202 (1989). There, the Supreme Court held that law enforcement officers must inform a suspect that he has the right: (1) to remain silent; (2) that anything he says could be used against him in court; (3) the right to speak with an attorney before and during questioning; (4) the right to the advice and presence of a lawyer even if he cannot afford one; and (5) to stop answering at any time until he speaks with a lawyer.

Davis acknowledges that Judge Mahan has found the standard LVMPD *Miranda* warnings adequate. However, he urges the court to follow the reasoning of the district judges in *Chavez* and *Loucious*, both of which relied upon *People of the Territory of Guam v. Snaer*, 758 F.2d 1341, 1342 (9th Cir. 1985). In *Snaer*, the court explained the importance that a Defendant be adequately warned of the right to consult with an attorney before questioning. Here, Detective Martinez did not clearly or adequately warn Davis that he had the right to consult with an attorney before answering any questions or clarify that the role of his attorney should be an active role "in which Davis would enjoy the ability to consult and have discussions with the attorney and to make informed decisions regarding his choice to engage with detectives." Reply (Dkt. #214) at 3:26–28.

**DISCUSSION**

I.     **Applicable Law**

The Fifth Amendment guarantees that no person "shall be compelled in any criminal case to be a witness against himself."  U.S. Const. Amendment V.  In *Miranda v. Arizona*, 384 U.S. 436 (1966), the Supreme Court held that the Fifth Amendment affords a citizen the right to be informed prior to custodial interrogation that "he has the right to remain silent, that anything he says can be used against him in a court of law, that he has the right to the presence of an attorney, and that if he cannot afford an attorney, one will be appointed for him prior to any questioning."  *Id*. at 479.  The Supreme Court presumed that interrogation in certain custodial circumstances is inherently coercive and held that statements made under those circumstances are inadmissible unless the suspect is specifically warned of his *Miranda* rights and freely decides to forgo those rights.  *New York v. Quarles*, 467 U.S. 649, 654 (1984).

The *Miranda* decision "established certain procedural safeguards that require police to advise criminal suspects of their rights under the Fifth and Fourteenth Amendments before commencing custodial interrogation."  *Duckworth v. Eagan*, 492 U.S. 195, 202 (1989).  *Miranda* warnings are prophylactic in nature and are "not themselves rights protected by the Constitution."  *Michigan v. Tucker*, 417 U.S. 433, 444 (1974).  Instead, *Miranda* warnings are "measures to ensure that the right against compulsory self-incrimination [is] protected."  *Id*.  For this reason, courts reviewing the adequacy of warnings, "need not examine *Miranda* warnings as if construing a will or defining the terms of an easement."  *Eagan*, 492 U.S. at 203.  Reviewing courts should determine whether the warnings that were administered reasonably conveyed to the suspect the rights *Miranda* requires.  *California v. Prysock*, 453 U.S. 355, 361 (1981).  No "talismanic incantation" is required to satisfy the warnings *Miranda* requires.  *Id*. at 359.  Rather, the language used in the *Miranda* decision or their "fully effective equivalent" are prerequisites to the admissibility of any statement made by a suspect in custody.  *Id*. at 360.

A misleading *Miranda* warning is inadequate.  *Prysock*, 453 U.S. at 359.  The Ninth Circuit has held that *Miranda* warnings "must be read and conveyed to all persons clearly and in a manner that is unambiguous."  *United States v. San Juan-Cruz*, 314 F.3d 384, 389 (9th Cir.

2002).  However, "[t]o be found inadequate, an ambiguous warning must not readily permit an inference of the appropriate warning."  *Doody v. Schriro*, 548 F.3d 847, 863 (9th Cir. 2008), *aff'd on remand by Doody v. Ryan*, 649 F.3d 986 (9th Cir. 2011) (en banc).  A determination of the adequacy of *Miranda* warnings raises mixed questions of law and fact, which the Ninth Circuit reviews *de novo*.  *Sechrist v. Ignacio*, 549 F.3d 789, 805 (9th Cir. 2008).

In *Duckworth v. Eagan*, 492 U.S. 195 (1989), the Supreme Court resolved a conflict among the lower courts concerning whether informing a suspect that an attorney would be appointed "if and when you go to court" rendered *Miranda* warnings inadequate.  The Seventh Circuit found the "if and when you go to court" language suggested that only those accused who can afford an attorney have the right to have one present before answering questions and implied that if the accused does not go to court, that is, if the government does not file charges, the accused is not entitled to counsel at all.  *Id*. at 199–201.  The Supreme Court rejected this view, finding that the Court of Appeals "misapprehended the effect of the inclusion of" this language.  *Id*. at 203.  The Supreme Court held that the "if and when you go to court" language did not render *Miranda* warnings inadequate.  It reasoned that the "if and when you go to court" language accurately described the procedure under Indiana law to appoint counsel at the defendant's initial appearance and simply anticipates a suspect's question of when he will obtain counsel.  *Id*. at 204.  Additionally, the Supreme Court reiterated that *Miranda* did not require that attorneys be "producible on call" or suggest that every police station must have a lawyer available at all times to advise suspects.  *Id*.

In *United States v. Miguel*, 952 F.2d 285 (9th Cir. 1991), the Ninth Circuit concluded that *Miranda* warnings were adequate when the officer told the suspect he "may" have an attorney appointed if he could not afford one.  *Id*. at 287–88.  A suspect must be informed of the right to have counsel present during questioning.  *United States v. Noti*, 731 F.2d 610, 615 (9th Cir. 1984); *see also United States v. San Juan-Cruz*, 314 F.3d 384, 388 (9th Cir. 2002) (*Miranda* warning must clearly convey to the arrested party that he possesses the right to have an attorney present prior to and during questioning).  In *United States v. Noa*, 443 F.2d 144 (9th Cir. 1971), the Ninth Circuit held that the *Miranda* warning was adequate even though it did not explicitly

state that appointed counsel would be available prior to and during questioning.  In *People of the Territory of Guam v. Snaer*, 758 F.2d 1341 (9th Cir. 1985), the Ninth Circuit concluded that Guam's standard advisement of rights form was adequate even though it did not expressly state that the Defendant had the right to consult with a lawyer *before* questioning or *prior* questioning.

The *Snaer* decision recognized the importance that a defendant be adequately warned of his right to consult with an attorney before questioning.  *Id.* at 1343.  It also recognized that although *Miranda* requires a defendant to be advised of his right to consult with counsel before questioning, the case law is ambiguous concerning how explicitly the person must be warned of that right.  *Id.* 1342.  To comply with the Fifth Amendment, a *Miranda* warning does not have to be explicit as long as it adequately conveys notice of the right to consult with an attorney before questioning.  *Id.* at 1343.

## II.     Analysis and Decision.

Two district judges and one magistrate judge in this district have concluded that the standard LVMPD *Miranda* warnings are constitutionally inadequate.  Another district judge has found that the standard LVMPD warnings are constitutionally adequate and advise a defendant that he has the right to appointed counsel if he cannot afford a lawyer both before and during questioning.  *See United States v. Waters*, Case No. 2:15-cr-00080-JCM-VCF, Order (Dkt. #46), 2016 WL 310738, at *7 (D. Nev. Jan. 26, 2016).  The United States has appealed Judge Dorsey's order in *Loucious* to the Ninth Circuit.

*Miranda* requires that a person subjected to custodial interrogation must receive four warnings prior to any questioning.  These four warnings "are invariable," but the words used may be varied so long as "essential information is conveyed."  *Florida v. Powell*, 559 U.S. 50, 60 (2010).  First, *Miranda* requires advising a suspect that he has the right to remain silent.  384 U.S. at 479.  Davis was advised "[y]ou have the right to remain silent."  Def.'s Mot. Ex. C (Dkt. #208-3), Dec. 21, 2015 Evidentiary Hr'g Tr. at 30:13.  Second, *Miranda* requires a warning that anything a suspect says can be used against him in a court of law.  384 U.S. at 479.  Davis was advised "[a]nything you say can be used against you in a court of law."  Tr. at 30:13–14.  Third, *Miranda* requires that a suspect be warned he has the right to the presence of an attorney.

8

384 U.S. at 479.  Davis was advised "[y]ou have the right to the presence of an attorney during questioning."  Tr. at 30:14–15.  Fourth, *Miranda* requires that a suspect be warned that if he cannot afford an attorney, one will be appointed for him prior to any questioning if he so desires.  384 U.S. at 479.  Davis was advised "[i]f you cannot afford an attorney, one will be appointed before questioning."  Tr. at 30:15–17.  Davis was then asked if he understood his rights, *id*. at 30:17, and was given the opportunity to ask questions regarding his rights.  *Id*. at 30:24–25.  However, Davis did not ask questions and indicated he wished to speak to the detective.  *Id*. at 31:2–6.

The court finds that the *Miranda* warnings Davis received complied with the four warnings *Miranda* mandates.  Davis argues that advising him of the right to the *presence* of an attorney during questioning does not adequately convey his right to consult with an attorney before and during questioning.  However, the *Miranda* decision itself articulates the warning that must be given as "the right to the *presence* of an attorney, and that if he cannot afford and attorney, one will be appointed for him prior to any questioning."  384 U.S. at 479.  In *Snaer*, the decision relied upon by both judges Boulware and Dorsey, the Ninth Circuit found a *Miranda* warning adequate which failed to advise the defendant that he had the right to consult with a lawyer before questioning or prior to questioning.  The warning that was upheld in *Snaer* stated that "[y]ou have the right to consult with a lawyer and to have a lawyer present with you while you are being questioned."  *Id.* at 1343.  The Ninth Circuit held that "the first part of that sentence read in the context of the latter half of the sentence does adequately convey notice of the right to consult with an attorney before questioning" even though it did not explicitly inform him of that right.  *Id.*

The court finds that the *Miranda* warnings Davis received were more explicit than the one found sufficient in *Snaer*.  It seems clear that a reasonable person would infer that he had the right to speak with a lawyer before questioning from the warnings Davis received.  Davis was told he had the right to the presence of an attorney.  A reasonable person would understand that the right to the presence of an attorney would include the right to consult with an attorney prior to questioning.  Moreover, the *Miranda* warnings Davis received are virtually identical to the

9

four warnings the Supreme Court mandated in *Miranda*. *Eagan* did not abrogate or modify the four warnings *Miranda* requires. It held that *Miranda* warnings need not be given in the exact language the *Miranda* decision used, and concluded that the warnings the defendant received "touched all the bases required by *Miranda*." 492 U.S. at 203. In short, the court finds that the warnings Davis received adequately conveyed what *Miranda* requires.

For the reasons explained,

**IT IS RECOMMENDED** that Davis' Motion to Suppress Statements Based on Inadequate *Miranda* Warnings (Dkt. #208) be **DENIED**.

DATED this 18th day of April, 2016.

PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE