UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 2:12-CR-289 JCM (PAL) |
| Plaintiff(s), | ORDER |
| v. | |
| TYRONE DAVIS, | |
| Defendant(s). | |

Presently before the court are Magistrate Judge Leen's report and recommendations regarding defendant's motion to suppress statements based on inadequate *Miranda* warnings. (ECF No. 217). Defendant Tyrone Davis filed objections (ECF No. 218), and the government filed a response to defendant's objections. (ECF No. 224).

**I.    Background**

The facts of this case are familiar to the court and the parties. On August 7, 2012, a federal grand jury issued an indictment charging defendant with possession of a firearm by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2); possession of cocaine with intent to distribute in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(D); and possession of a firearm in relation to a drug trafficking offense in violation of 18 U.S.C. §§ 922(g)(1) and 924(c). (ECF No. 1).

The Las Vegas Metropolitan Police Department ("LVMPD") arrested defendant on July 19, 2012, for a robbery that occurred on June 27, 2012. Four women reported that defendant had approached them and engaged them in conversation. The women reported that defendant approached one of the women from behind, grabbed her purse, and fled.

**James C. Mahan**
**U.S. District Judge**

Detectives learned where defendant might be living and arrested him outside of his apartment complex at 6500 Vegas Drive in Las Vegas, Nevada. Thereafter, detectives searched defendant's apartment pursuant to a search warrant. On July 20, 2012, Task Force Officer Martinez and the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) Special Agent LaRusso interviewed defendant at the Clark County Detention Center ("CCDC"). (ECF No. 208).

During a previous motion to suppress hearing, Detective Martinez testified that he relied upon the standard LVMPD *Miranda* rights card to advise defendant of his *Miranda* rights before he began questioning the defendant. Officer Martinez read the card on the record as follows:

> You have the right to remain silent. Anything you say can be used against you in a court of law. You have the right to the presence of an attorney during questioning. If you cannot afford an attorney, one will be appointed before questioning. Do you understand your rights?

(ECF No. 208-3 at 29).

Defendant previously filed a motion to suppress evidence (ECF No. 144) and a motion to suppress statements made by the defendant. (ECF No. 147). After reviewing the record and the report and recommendations of Magistrate Judge Leen, the court denied both motions. (ECF No. 210).

Defendant files the present motion in light of a current split of authority within this district. This court has previously upheld the LVMPD's standard language finding that based upon the warnings given "[d]efendant would be able to grasp the substance of what he was told—that he had the right to appointed counsel if he could not afford a lawyer and that the right exists both before and during questioning." *See United States v. Waters,* case no. 2:15-cr-00080-JCM-VCF, Order (ECF No. 46), 2016 WL 310738 (D. Nev. Jan. 26, 2016).

However, two other district judges have recently held that the LVMPD's standard advisement of *Miranda* rights is inadequate. *See United States v. Chavez* case no. 2:15-cr-00035-RFB-CWH, Order (ECF No. 55), 111 F. Supp. 3d 1131 (D. Nev. 2015) (Boulware, J.); *United States v. Loucious*, Case No. 2:15-cr-00106-JAD-CWH, Feb. 19, 2016 (ECF No. 75) (Dorsey, J.).

Defendant filed the instant motion to suppress arguing that the card's language did not adequately advise him that he had the right to consult with an attorney before questioning or that he had the right to cease questioning at any time until he spoke with a lawyer. (ECF No. 208).

**James C. Mahan**
**U.S. District Judge**

- 2 -

Magistrate Judge Leen reviewed the motion and issued a report and recommendation that defendant's motion to suppress be denied. (ECF No. 217). Defendant filed objections to the report and recommendation. (ECF No. 218). The court now reviews Magistrate Judge Leen's recommendations.

## II.     Legal Standard

This court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's report and recommendation, the court is required to "make a de novo determination of those portions of the [report and recommendation] to which objection is made." 28 U.S.C. § 636(b)(1). Where a party fails to object, however, the court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985).

## III.    Discussion

In her report and recommendation, Magistrate Judge Leen found 1) that the warnings provided to defendant complied with the dictates of *Miranda* and 2) that the *Miranda* warnings defendant received were more explicit than the one found sufficient in *People of the Territory of Guam v. Snaer,* the case upon which Judge Dorsey and Judge Boulware rely. 758 F.2d 1341 (9th Cir. 1985). The government concurs with Magistrate Judge Leen's report and recommendation and asks the court to adopt the report and recommendation. (ECF No. 224).

Defendant objects to both of the magistrate judge's findings. (ECF No. 218). Both defendant's motion to suppress as well as his objection to the report and recommendation assert that that Detective Martinez gave defendant incomplete *Miranda* warnings after he was placed under arrest because the language on the card did not sufficiently warn defendant that 1) he had a right to an attorney before questioning and 2) that defendant had the right to stop questioning at any time. (ECF No. 208). Defendant acknowledges that this court previously has found the standard LVMPD *Miranda* warnings adequate. However, he urges the court to follow the reasoning of the district judges in *Chavez* and *Loucious*. (ECF No. 218).

**James C. Mahan**
**U.S. District Judge**

- 3 -

*a. Right to an attorney prior to questioning*

The Fifth Amendment guarantees that no person "shall be compelled in any criminal case to be a witness against himself." U.S. Const. Amendment V. In *Miranda v. Arizona*, 384 U.S.436 (1966), the Supreme Court held that the Fifth Amendment affords a citizen the right to be informed prior to custodial interrogation that "he has the right to remain silent, that anything he says can be used against him in a court of law, that he has the right to the presence of an attorney, and that if he cannot afford an attorney, one will be appointed for him prior to any questioning." *Id.* at 479.

*Miranda* "established certain procedural safeguards that require police to advise criminal suspects of their rights under the Fifth and Fourteenth Amendments before commencing custodial interrogation." *Duckworth v. Eagan*, 492 U.S. 195, 202 (1989). A misleading Miranda warning is inadequate. *Prysock*, 453 U.S. at 359. The Ninth Circuit has held that Miranda warnings "must be read and conveyed to all persons clearly and in a manner that is unambiguous." *United States v. San Juan-Cruz*, 314 F.3d 384, 389 (9th Cir. 2002). However, "[t]o be found inadequate, an ambiguous warning must not readily permit an inference of the appropriate warning." *Doody v. Schriro*, 548 F.3d 847, 863 (9th Cir. 2008), *aff'd on remand by Doody v. Ryan*, 649 F.3d 986 (9th Cir. 2011) (*en banc*).

The Supreme Court does not require a "talismanic incantation . . . to satisfy [*Miranda's*] strictures." *California v. Prysock,* 453 U.S. 355, 359 (1981). The relevant inquiry is simply "whether the warnings reasonably convey to a suspect his rights as required by *Miranda.*" *Duckworth v. Eagan,* 492 U.S. 195 (1989); *Doody v. Schriro*, 596 F.3d 620, 635 (9th Cir.) *cert. granted, judgment vacated sub nom. Ryan v. Doody*, 562 U.S. 956 (2010). Courts are not permitted to apply just the plain language of *Miranda* to the case at hand. Rather, *Miranda* warnings must be examined from a practical viewpoint. *Camacho v. United States,* 407 F.2d 39, 42 n. 2 (9th Cir. 1969). For this reason, courts reviewing the adequacy of warnings "need not examine Miranda warnings as if construing a will or defining the terms of an easement." *Eagan*, 492 U.S. at 203.

The Supreme Court and the Ninth Circuit case law have made clear that it is not the role of the courts to dictate the precise language of *Miranda* warnings. *See, e.g.*, *Prysock*, 453 at 355 (holding that neither *Miranda* nor any other decision of the Court requires that the content of

*Miranda* warnings be a virtual incantation of the precise language contained in the *Miranda* opinion.); *United States v. Miguel*, 952 F.2d 285, 287 (9th Cir. 1991) (taking no issue with the use of the word "can" as opposed to "can and will"); *Snaer*, 758 F.2d at 1342 ("If a defendant has been told the substance of his constitutional rights, it is not fatal if irrelevant words or words with no independent substance are omitted."); *United States v. Noa*, 443 F.2d 144 (9th Cir. 1971) (holding that the *Miranda* warning was adequate even though it did not explicitly state that appointed counsel would be available prior to and during questioning). The Court intended that "the giving of the [*Miranda*] warnings [would] obviate[] the need for a case-by-case inquiry into the actual voluntariness of the admissions of the accused." *Prysock*, 453 at 358. Nonetheless, today the courts are faced with endless litigation seeking to dismantle every version of *Miranda* warnings given by officers.

As Magistrate Judge Leen noted, the warnings read by officers on the LVMPD card are virtually identical to the warnings in *Miranda*. First, *Miranda* requires advising a suspect that he has the right to remain silent. 384 U.S. at 479. Defendant was advised "[y]ou have the right to remain silent." (ECF No. 208-3 at 30:13). Second, *Miranda* requires a warning that anything a suspect says can be used against him in a court of law. 384 U.S. at 479. Defendant was told "[a]nything you say can be used against you in a court of law." (ECF No. 208-3 at 30:14). Third, *Miranda* requires that a suspect be warned he has the right to the presence of an attorney. 384 U.S. at 479. Defendant was advised "[y]ou have the right to the presence of an attorney during questioning." (ECF No. 208-3 at 30:15). Fourth, *Miranda* requires that a suspect be warned that if he cannot afford an attorney, one will be appointed for him prior to any questioning if he so desires. 384 U.S. at 479. Defendant was advised "[i]f you cannot afford an attorney, one will be appointed before questioning." (ECF No. 208-3 at 30:15–17). Defendant was then asked if he understood his rights, (*id.* at 30:17), and was given the opportunity to ask questions regarding his rights. (*Id.* at 30:24–25). Defendant did not ask questions and indicated he wished to speak to the detective. (*Id.* at 31:2–6.)

Rather than focusing on one clause in isolation, looking to the warning as a whole, the court finds that Detective Martinez adequately informed the defendant of his rights under *Miranda*.

**James C. Mahan**
**U.S. District Judge**

- 5 -

Although Detective Martinez read to the defendant that he had "the right to the presence of an attorney *during* questioning," He clarified in the next sentence that "[i]f you cannot afford an attorney, one will be appointed to you *before questioning*." (ECF No. 208 (*emphasis added*)). Read together, these two advisements clearly convey that a suspect has the right to have an attorney present at all times.

Several courts of appeals have found similar general advisements adequate under *Miranda*. *See, e.g.*, *Thomas v. Lamarque*, 121 F. App'x 220, 222 (9th Cir. 2005); *United States v. Frankson,* 83 F.3d 79, 82 (4th Cir. 1996)*; United States v. Caldwell, 954 F.2d 496, 502* (8th Cir. 1992); *United States v. Burns*, 684 F.2d 1066, 1074–75 (2d Cir. 1982). While the Ninth Circuit has emphasized the critical importance of the right to know that counsel may be present *during* questioning, it has upheld warnings that failed to explicitly inform defendants of the right to consult with appointed counsel *prior to* questioning. *See United States v. Noti*, 731 F.2d 610, 614 (9th Cir. 1984); *United States v. Noa*, 443 F.2d 144, 146 (9th Cir. 1971).

Indeed, the government cite to two recent, unpublished decisions from the Ninth Circuit, which summarily reject challenges to virtually identical *Miranda* warnings. *See United States v. Ortega*, 510 F. App'x 541, 541–42 (9th Cir. 2013); *United States v. Scaggs*, 377 F. App'x 653, 656 (9th Cir. 2010). In *Ortega*, the court found that the given warning was "sufficiently comprehensive and comprehensible when given a commonsense reading." 510 F. App'x at 541 (citing *Powell*, 130 S.Ct. at 1205). In *Scaggs*, the court found that although the defendant was not told "in so many words that he had a right to speak to an attorney before questioning . . . advice of that right can be inferred from the investigator's statement that [defendant] had the right to have counsel appointed before questioning." 377 F. App'x at 656 (citing *United States v. Connell*, 869 F.2d 1349, 1352 (9th Cir. 1989); *Florida v. Powell*, 130 S. Ct. 1195, 1204–05, 175 L.Ed.2d 1009 (2010) (finding warnings adequate where "in combination" they convey right to have an attorney present at all times)). Although these decisions are not binding precedent, they are additional persuasive authority that the *Miranda* warnings given to defendant in this case were sufficient.

The district judges in *Chavez* and *Loucious* found that the standard language on the LVMPD card does not adequately convey that a defendant has right to consult with an attorney

James C. Mahan
U.S. District Judge

- 6 -

before and during questioning. *See* case no. 2:15-cr-00035-RFB-CWH, Order (ECF No. 55), 111 F. Supp. 3d 1131 (D. Nev. 2015) (Boulware, J.); *United States v. Loucious*, Case No. 2:15-cr-00106-JAD-CWH, Feb. 19, 2016 (ECF No. 75) (Dorsey, J.). Both courts rely on the Ninth Circuit's statement in *Snaer* that "one does have the right to consult with counsel before questioning." 758 F.2d at 1342. The *Miranda* warning at issue in *Snaer* said "[y]ou have the right to consult with a lawyer and to have a lawyer present with you while you are being questioned." *Id.* at 1343. The *Snaer* court upheld the warning because it adequately conveyed the right to counsel before questioning and reminded courts that "[*Miranda*] is ambiguous as to how explicitly the person must be warned of that right." 758 F.2d at 1342. *Snaer,* like its predecessors, held that a *Miranda* warning does not have to be explicit to comply with the Fifth Amendment as long as it adequately conveys notice of the right to consult with an attorney before questioning. *Id.* at 1343.

The courts in *Chavez* and *Loucious* incorrectly interpret *Snaer* as inserting a fifth required explicit advisement that defendant must be expressly told that he has both the right to the "presence" of an attorney before and during questioning as well as the right to "consult" that attorney at any time. These decisions claim that mere use of the word presence "undercuts the notion that the attorney would be able to have an active role in consulting with or advising [a suspect] before or even during the questioning." *Chavez*, 111 F. Supp. 3d at 1146.

This court disagrees with that interpretation. *Miranda* itself equates "presence" as synonymous with "consult." *Miranda* articulates the warning that must be given as "the right to the presence of an attorney, and that if he cannot afford and attorney, one will be appointed for him prior to any questioning." 384 U.S. at 479. There is no precedent to suggest that the term "presence" is insufficient to convey *Miranda*'s essential right to an attorney. The relevant inquiry in this case should not be whether "presence" encompasses "consult;" prior precedent and common sense clearly indicate that it does, but rather whether the warning sufficiently indicates that defendant had the right to an attorney at all times. *See, e.g.*, *Doody v. Schriro*, 548 F.3d 847, 863 (9th Cir. 2008), *aff'd on remand by Doody v. Ryan*, 649 F.3d 986 (9th Cir. 2011) (*en banc*) ("To be found inadequate, an ambiguous warning must not readily permit an inference of the appropriate warning.").

Magistrate Judge Leen found, and this court agrees, that the Miranda warnings defendant received were more explicit, and adhered more closely to *Miranda* itself, than the one found sufficient in *Snaer*. A reasonable person would know that he had the right to speak with a lawyer before questioning from the warnings defendant received. Defendant was told he had the right to the presence of an attorney. A reasonable person would understand that the right to the presence of an attorney would include the right to consult with an attorney prior to and during questioning. The defendant's argument that a suspect would be appointed an attorney prior to questioning but would not be allowed to consult with that attorney is an unnecessarily narrow interpretation that defies common sense.

    b. *Right to stop questioning at any time*

Finally, the right to stop questioning at any time is not an independent right, but rather another means by which to inform the accused of his right to have an attorney present. *Duckworth v. Eagan*, 492 U.S. 195, 205 (1989) (finding that defendant's right to counsel was adequately communicated by the statement that he had the right to "stop answering at any time until [he] talk[ed] to a lawyer."); *Doody v. Schriro*, 596 F.3d 620, 658 (9th Cir.) *cert. granted, judgment vacated sub nom. Ryan v. Doody*, 562 U.S. 956 (2010). The right to stop questioning at any time is a much broader statement than that required by *Miranda*. *United States v. Gillyard*, 726 F.2d 1426, 1429 (9th Cir. 1984).

**IV.   Conclusion**

As this court has previously held, the precise language used in advising a suspect of his rights is not determinative; substance controls form. From the warning he was given, defendant would be able to grasp the substance of what he was told—that he had the right to appointed counsel if he could not afford a lawyer and that right exists both before and during questioning. *United States v. Waters,* case no. 2:15-cr-00080-JCM-VCF, Order (ECF No. 46), 2016 WL 310738 (D. Nev. Jan. 26, 2016). The role of the court is not to determine the perfect words that, as a matter of policy, might best convey defendants' rights. Its role is merely to determine whether the actual language before the court passes constitutional muster. Based on the wealth of precedent and a

James C. Mahan
U.S. District Judge

- 8 -

plain reading of the language used, the court finds that defendant was given adequate *Miranda* warnings.

Accordingly,

IT IS HEREBY ORDERED, ADJUDED, AND DECREED that Magistrate Judge Leen's report and recommendation (ECF No. 217) be, and the same hereby are, ADOPTED consistent with the foregoing.

IT IS FURTHER ORDERED that defendant's motion to suppress (ECF No. 208) is DENIED.

DATED June 1, 2016.

_____
UNITED STATES DISTRICT JUDGE