KEVIN R. STOLWORTHY, ESQ.
Nevada Bar No. 2798
CONOR P. FLYNN, ESQ.
Nevada Bar No. 11569
ARMSTRONG TEASDALE LLP
3770 Howard Hughes Parkway, Suite 200
Las Vegas, Nevada 89169
Telephone:  702.678.5070
Facsimile:  702.878.9995
kstolworthy@armstrongteasdale.com
cflynn@armstrongteasdale.com

ATTORNEYS FOR DEFENDANT

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>    vs.<br><br>TYRONE DAVIS,<br><br>            Defendant. | CASE NO. 2:12-cr-00289-JCM-PAL<br><br>**STIPULATION AND ORDER TO CONTINUE SENTENCING HEARING**<br><br>**[THIRD REQUEST]** |

IT IS HEREBY STIPULATED AND AGREED, by and between Daniel Bogden, United States Attorney, and Lisa Cartier-Giroux, Assistant United States Attorney, counsel for the United States of America, on the one hand, and Tyrone Davis, and his counsel Kevin R. Stolworthy, on the other hand, that the sentencing hearing currently scheduled for December 14, 2016 at 10:00 a.m. be vacated and continued for a period of 30 days, or to a date thereafter available for the Court. This Stipulation is entered into for the following reasons:

1. Trial was scheduled in this matter for June 6, 2016.  *See* ECF No. 245.

2. However, the trial was vacated when Davis entered a guilty plea.  *See* ECF No. 245

3. On August 16, 2016, Davis filed a Motion to withdraw his guilty plea.  *See* ECF No. 264.

1

1   4.   On September 20, 2016, the Court held an evidentiary hearing on the Motion. *See* ECF No. 274.

3   5.   During the hearing, the Court granted permission for Davis to subpoena the Nevada Southern Detention Center to obtain certain audio recordings of phone calls between Davis and his former attorneys, Mr. James Oronoz and his colleague Lucas Gaffney. *See* ECF No. 274.

6.   As Davis was in the process of obtaining these recordings, United States Probation ("Probation") indicated that it had an internal deadline approaching to prepare a pre-sentencing report.

7.   Due to this approaching deadline, Probation sought to interview Davis prior to a ruling being made on his Motion to withdraw his guilty plea.

8.   However, because Davis did not want to interview with Probation due to the possibility that his sentencing hearing may be vacated if his Motion was granted, Davis sought to extend the November 14th sentencing date as this would also continue Probation's internal deadline for preparing the pre-sentencing report.

9.   The Government agreed to stipulate to continue this sentencing date for a period of 30 days. *See* ECF No. 279.

10.  The Court ultimately approved this stipulation, and continued the sentencing date until December 14, 2016. *See* ECF No. 297.

11.  Following entry of this Order, it took several weeks to receive a response to the subpoena from Nevada Southern Detention Center.

12.  Indeed, the subpoena had to initially be re-issued on October 4, 2016 due to a clerical error. *See* ECF No. 281.

13.  Furthermore, although the subpoena was served on October 4, 2016, *see* ECF No. 282, and a response was required to be provided within 7 days of service, a response was not actually received until October 21, 2016. *See* ECF No. 291.

14.  Moreover, the response was improperly provided to the office of counsel for Davis, and not to the Clerk of the Court. *Id*.

15.  This caused further delay as counsel for Davis had to immediately turn the response

2

1   over to the Clerk of the Court without making copies of the response.  *Id*.

2       16.    Also, as it turns out, the response provided did not ultimately contain any actual audio
3   recordings of phone calls due to the applicability of the attorney-client privilege.

4       17.    On November 1, 2016, Davis filed his supplemental brief in support of his Motion to
5   withdraw guilty plea.  ECF No. 292.

6       18.    On November 2, 2016, prior to a ruling on Davis' Motion, and without the benefit of
7   having interviewed Davis, Probation prepared an initial draft of the pre-sentencing report.

8       19.    The draft pre-sentencing report recommends a sentence of 292 months' imprisonment.

9       20.    On November 10, 2016, the Court issued a lengthy report and recommendation
10  recommending that Davis' Motion to withdraw his guilty plea be denied.  ECF No. 293.

11      21.    Davis intends to timely object to this report and recommendation as required by the
12  Local Rules.

13      22.    Additionally, United States Probation Officer Rusty Ellis has indicated that he would
14  be willing to interview Davis if an extension of the sentencing hearing is provided, and issue a
15  revised pre-sentencing report thereafter.

16      23.    Thus, the additional time requested will allow Davis to interview with Mr. Ellis.

17      24.    Also, the additional time will assist Davis in evaluating the need to retain an expert to
18  assist with sentencing.

19      25.    The parties agree to the continuance.

20      26.    The Defendant is incarcerated and does not object to the continuance.

21      27.    The additional time requested herein is not sought for purposes of delay.

22  / / /
23  / / /
24  / / /
25  / / /
26  / / /
27  / / /
28  / / /

28. This is the third stipulation to continue sentencing filed in this case, and first involving newly appointed defense counsel.

DATED November 17, 2016                    DATED November 17, 2016

DANIEL BOGDEN                              ARMSTRONG TEASDALE LLP
United States of America

By:  /s/*Lisa Cartier-Giroux*              By:  /s/*Kevin R. Stolworthy*
    LISA CARTIER-GIROUX                        KEVIN R. STOLWORTHY
    PHILLIP SMITH                              CONOR FLYNN
    Assistant U.S. Attorneys                   Counsel for Defendant Tyrone Davis
    Counsel for the Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>  vs.<br><br>TYRONE DAVIS,<br><br>    Defendant. | CASE NO. 2:12-cr-00289-JCM-PAL<br><br>**FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER** |

### **FINDINGS OF FACT**

Based on the pending Stipulation of counsel, and good cause appearing therefore, the Court finds that:

1. Trial was scheduled in this matter for June 6, 2016. *See* ECF No. 245.

2. However, the trial was vacated when Davis entered a guilty plea. *See* ECF No. 245

3. On August 16, 2016, Davis filed a Motion to withdraw his guilty plea. *See* ECF No. 264.

4. On September 20, 2016, the Court held an evidentiary hearing on the Motion. *See* ECF No. 274.

5. During the hearing, the Court granted permission for Davis to subpoena the Nevada Southern Detention Center to obtain certain audio recordings of phone calls between Davis and his former attorneys, Mr. James Oronoz and his colleague Lucas Gaffney. *See* ECF No. 274.

6. As Davis was in the process of obtaining these recordings, United States Probation ("Probation") indicated that it had an internal deadline approaching to prepare a pre-sentencing report.

7. Due to this approaching deadline, Probation sought to interview Davis prior to a ruling being made on his Motion to withdraw his guilty plea.

8. However, because Davis did not want to interview with Probation due to the possibility that his sentencing hearing may be vacated if his Motion was granted, Davis sought to extend the November 14th sentencing date as this would also continue Probation's internal deadline

1  for preparing the pre-sentencing report.

2      9.    The Government agreed to stipulate to continue this sentencing date for a period of 30 days. *See* ECF No. 279.

4      10.    The Court ultimately approved this stipulation, and continued the sentencing date until December 14, 2016. *See* ECF No. 297.

6      11.    Following entry of this Order, it took several weeks to receive a response to the subpoena from Nevada Southern Detention Center.

8      12.    Indeed, the subpoena had to initially be re-issued on October 4, 2016 due to a clerical error. *See* ECF No. 281.

10      13.    Furthermore, although the subpoena was served on October 4, 2016, *see* ECF No. 282, and a response was required to be provided within 7 days of service, a response was not actually received until October 21, 2016. *See* ECF No. 291.

13      14.    Moreover, the response was improperly provided to the office of counsel for Davis, and not to the Clerk of the Court. *Id*.

15      15.    This caused further delay as counsel for Davis had to immediately turn the response over to the Clerk of the Court without making copies of the response. *Id*.

17      16.    Also, as it turns out, the response provided did not ultimately contain any actual audio recordings of phone calls due to the applicability of the attorney-client privilege.

19      17.    On November 1, 2016, Davis filed his supplemental brief in support of his Motion to withdraw guilty plea. ECF No. 292.

21      18.    On November 2, 2016, prior to a ruling on Davis' Motion, and without the benefit of having interviewed Davis, Probation prepared an initial draft of the pre-sentencing report.

23      19.    The draft pre-sentencing report recommends a sentence of 292 months' imprisonment.

24      20.    On November 10, 2016, the Court issued a lengthy report and recommendation recommending that Davis' Motion to withdraw his guilty plea be denied. ECF No. 293.

26      21.    Davis intends to timely object to this report and recommendation as required by the Local Rules.

28      22.    Additionally, United States Probation Officer Rusty Ellis has indicated that he would

be willing to interview Davis if an extension of the sentencing hearing is provided, and issue a revised pre-sentencing report thereafter.

23. Thus, the additional time requested will allow Davis to interview with Mr. Ellis.

24. Also, the additional time will assist Davis in evaluating the need to retain an expert to assist with sentencing.

25. The parties agree to the continuance.

26. The Defendant is incarcerated and does not object to the continuance.

27. The additional time requested herein is not sought for purposes of delay.

28. This is the third stipulation to continue sentencing filed in this case, and first involving newly appointed defense counsel.

## CONCLUSIONS OF LAW

The additional time requested herein is not sought for purposes of delay.

## ORDER

IT IS THEREFORE ORDERED that the sentencing hearing currently scheduled for December 14, 2016 at the hour of 10:00 a.m. be vacated and continued to **January 17, 2017 at 11:00 a.m.**

DATED November 21, 2016.

_____
UNITED STATES DISTRICT JUDGE