UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                                    Plaintiff,<br><br>        v.<br><br>TYRONE DAVIS,<br><br>                                    Defendant. | Case No. 2:12-cr-00289-JCM-PAL<br><br>ORDER |

Presently before the court is Magistrate Judge Leen's report and recommendation ("R&R"), recommending that defendant Tyrone Davis's motions to withdraw guilty plea (ECF Nos. 255, 264) and the government's motion to strike (ECF No. 256) be denied. (ECF No. 293). Defendant filed an objection to the R&R (ECF No. 298), to which the government responded (ECF No. 306).

**I.    Facts**

On August 7, 2012, a federal grand jury returned an indictment (ECF No. 1) against defendant. During his initial appearance and arraignment, Davis pled not guilty to the charges and was detained pending trial. (ECF Nos. 11, 13). On August 13, 2013, a federal grand jury returned a superseding indictment (ECF No. 46) charging defendant with three counts: (1) possession of a firearm by a convicted felon in violation 18 U.S.C. §§ 922(g)(1) and 924(a)(2); (2) possession of cocaine with intent to distribute in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C); and (3) possession of a firearm in relation to a drug trafficking offense in violation of 18 U.S.C. §§ 922(g)(1) and 924(c)(1)(A)(i). Defendant was arraigned on the superseding indictment and pled not guilty on all three counts. (ECF No. 53).

After multiple stipulated continuances and changes of defense counsel, the court set trial for June 6, 2016. (ECF No. 221). After a jury was empaneled, defendant withdrew his not guilty plea and entered a plea of guilty, resulting in the court's vacating the trial. (ECF No. 245).

On July 5, 2016, defendant filed a *pro se* motion to withdraw guilty plea. (ECF No. 255). On July 8, 2016, the government filed a motion to strike defendant's *pro se* motion. (ECF No. 256). On August 16, 2016, defense counsel filed another motion to withdraw guilty plea on behalf of defendant. (ECF No. 264). The government filed a response (ECF No. 265), to which defendant replied (ECF No. 266).

On November 10, 2016, the magistrate entered the instant R&R, recommending that defendant's motions to withdraw guilty plea (ECF Nos. 255, 264) and the government's motion to strike (ECF No. 256) be denied. (ECF No. 293). After reviewing and considering the transcript of the change of plea hearing and setting forth a detailed outline of the record, Magistrate Judge Leen concluded that defendant's guilty plea was knowing, voluntary, and intelligent. (ECF No. 293).

Defendant makes two objections to the R&R. (ECF No. 298). The court will address each in turn.

**II.     Legal Standard**

A party may file specific written objections to the findings and recommendations of a United States magistrate judge made pursuant to Local Rule IB 1-4. 28 U.S.C. § 636(b)(1)(B); LR IB 3-2. Where a party timely objects to a magistrate judge's report and recommendation, the court is required to "make a de novo determination of those portions of the [report and recommendation] to which objection is made." 28 U.S.C. § 636(b)(1). The court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." *Id*.

Pursuant to Local Rule IB 3-2(a), a party may object to the report and recommendation of a magistrate judge within fourteen (14) days from the date of service of the findings and recommendations. Similarly, Local Rule 7-2 provides that a party must file an opposition to a motion within fourteen (14) days after service of the motion.

## III. Discussion

A defendant may withdraw his or her guilty plea only if the defendant "show[s] a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B). "The decision to allow a defendant to withdraw his plea . . . lies within the discretion of the district court." *United States v. Ruiz*, 257 F.3d 1030, 1033 (9th Cir.2001) (*en banc*). Although the defendant bears the burden of establishing a fair and just reason, "the 'fair and just' standard is applied liberally." *United States v. Yamashiro*, 788 F.3d 1231, 1237 (9th Cir. 2015) (citing *United States v. Bonilla*, 637 F.3d 980, 983 (9th Cir. 2011)).

"It is well-established that a defendant has no right to withdraw his guilty plea, and that a withdrawal motion is committed to the sound discretion of the district court." *United States v. Signori*, 844 F.2d 635, 637 (9th Cir. 1988) (collecting cases); *see also Yamashiro*, 788 F.3d at 1236 ("The decision whether to permit the withdrawal of a plea is solely within the discretion of the district court." (quoting *United States v. Showalter*, 569 F.3d 1150, 1154 (9th Cir. 2009))). A defendant may not withdraw his guilty plea "simply on a lark." *United States v. Hyde*, 520 U.S. 670, 676–77 (1997). However, the district court must review each case in the context in which the motion to withdraw guilty plea arose to determine whether a fair and just reason exists. *United States v. McTiernan*, 546 F.3d 1160, 1167 (9th Cir. 2008).

Fair and just reasons for withdrawal include: (1) inadequate Rule 11 plea colloquies; (2) erroneous or inadequate legal advice; (3) newly discovered evidence; (4) intervening circumstances; or (5) any other reason for withdrawing the plea that did not exist when the defendant entered his plea. *Yamashiro*, 788 F.3d at 1237; *United States v. Jones*, 472 F.3d 1136, 1141 (9th Cir. 2007). The Ninth Circuit has recognized certain circumstances as important factors in determining whether fair and just reason exists, including the defendant's assertion of legal innocence, the reason the defenses were not put forward at the time of the original pleading, and the amount of time that has passed between the plea and the filing of the motion. *McTiernan*, 546 F.3d at 1167 (citing Fed. R. Crim. P. 32 advisory committee's note (1983)). Where there is a fair and just reason to withdraw a plea, the defendant's actual motivation does not prevent his

withdrawal of the plea. *Id*. at 1168 (district court's finding that defendant wanted to withdraw his plea only to avoid a custodial sentence did not bear upon the standard for plea withdrawal).

The district court's denial of a motion to withdraw a guilty plea is reviewed for abuse of discretion. *Yamashiro*, 788 F.3d at 1236; *McTiernan*, 546 F.3d at 1166. Under this standard, the Ninth Circuit reviews a district court's findings of fact for clear error. *Id*.; *United States v. Sherburne*, 249 F.3d 1121, 1125 (9th Cir. 2001) (a district court abuses its discretion when it "rests its determination on a clearly erroneous finding of fact"). The district court does not abuse its discretion in denying a motion to withdraw a plea when a defendant was aware of the grounds for withdrawal prior to entering the guilty plea. *United States v. Mayweather*, 634 F.3d 498, 506 (9th Cir. 2010).

In his first objection, defendant argues that "[t]he Magistrate Judge erroneously held that 'Davis' assertions that he was confused and did not admit to an adequate factual basis for the plea are belied by his own admissions during the course of the district judge's questions.'" (ECF No. 298 at 10 (quoting ECF No. 293 at 38)). In particular, defendant contends that the transcript shows that he was confused about several matters, including:

(1) the fact that he was going to be required to answer questions about the factual basis of his plea during the change of plea hearing, (2) how the statutory maximum penalties operated, and how the statutes interplayed with the Guidelines, (3) the reasons for which the government filed the 851(a) Notice, (4) why a sentence imposed for Count Three was required to run consecutive to any sentence imposed for the other Counts, (5) how the Guidelines operated as a general matter, and (6) that he was required to enter a guilty plea to all three Counts to avoid a trial.

(ECF No. 298 at 10). The court disagrees.

Magistrate Judge Leen found that defendant admitted that he understood the court had to ask him questions about what he did to satisfy the court that he was guilty as charged. (ECF No. 293 at 38 (citing ECF No. 249 at 9)). Moreover, the magistrate found that the transcript showed the court and the government repeatedly answered defendant's questions and restated the evidence until defendant agreed with the fact statements. (ECF No. 293 at 38 (citing ECF No. 249 at 31–

33)). The magistrate further found that "[a]lthough Davis stated he was confused at times during the plea, the district judge and counsel made multiple efforts to explain the process to Davis and ensure that his admissions were knowing, voluntary, and had a sufficient factual basis." (ECF No. 293 at 39).

Defendant's own statements to the court revealed that he was satisfied with his legal representation, despite their prior disagreements. (ECF No. 249 at 6–8). Defendant's May 2016 letter (ECF No. 225) to the court demonstrated that defense counsel apprised defendant of the maximum possible sentence if he were to be convicted of all counts at trial. (ECF No. 293 at 40). Defendant admitted during the evidentiary hearing on his motion to withdraw his plea that he was aware of and reviewed the PSR, which stated his potential sentence, qualification as a career offender, and calculation of his criminal history points. (ECF No. 293 at 41). The court and the government explained the function of the § 851 notice to defendant during the change of plea hearing. (ECF No. 249 at 13–16).

In his second objection, defendant argues that his toxic relationship with his former attorney of record Mr. Oronoz supports setting aside the guilty plea. (ECF No. 298 at 11). In particular, defendant argues that the magistrate did not provide adequate weight to the fact that Oronoz failed to obtain a sentencing consultant. (ECF No. 298 at 11). The court disagrees.

Magistrate Judge Leen found that the record clearly demonstrated that defendant insisted on going to trial June 6th despite knowing that a consultant could not be retained before the trial start date. (ECF No. 293 at 41). The magistrate even noted that defendant did not claim to ask Oronoz to move for a continuance based on the inability to obtain the sentencing consultant's opinion before trial. (ECF No. 293 at 41).

In light of the foregoing and upon reviewing the recommendation and underlying briefs, the court finds that good cause appears to ADOPT the magistrate judge's findings. Defendant has failed to meet his burden of showing a fair and just reason for withdrawing his guilty plea.

**IV.    Conclusion**

Accordingly,

///

1     IT IS HEREBY ORDERED, ADJUDGED, and DECREED the Magistrate Judge Leen's
2 R&R (ECF No. 293) be, and the same hereby is, ADOPTED in its entirety.
3     IT IS FURTHER ORDERED that defendants motions to withdraw guilty plea (ECF Nos.
4 255, 264) be, and the same hereby are, DENIED.
5     IT IS FURTHER ORDERED that the government's motion to strike (ECF No. 256) be,
6 and the same hereby is, DENIED.
7     DATED THIS 18th day of January, 2017.

_____
JAMES C. MAHAN
UNITED STATES DISTRICT JUDGE